UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ANGEL L. G.,

                Plaintiff,

-against-                              5:22-CV-1160 (LEK/DEP)

MARTIN J. O'MALLEY,

                Defendant.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

This Social Security action comes before the Court following a report and recommendation filed on September 29, 2023, by the Honorable David E. Peebles, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). Dkt. No. 20 ("Report and Recommendation"). Plaintiff has filed objections, Dkt. No. 21 ("Objection"), and Defendant has filed a response, Dkt. No. 23 ("Response").

For the reasons that follow, the Court rejects the Report and Recommendation, grants Plaintiff's motion for judgment on the pleadings, Dkt. No. 9 ("Motion"),[1] and denies Defendant's cross-motion for judgment on the pleadings, Dkt. No. 17 ("Cross-Motion"). Accordingly, this case is remanded to the Social Security Administration for further proceedings consistent with this opinion.

---

[1] Courts in this District construe appeals of claims for Social Security benefits as motions brought under Rule 12(c). See Russell v. Comm'r of Soc. Sec., No. 13-CV-1398, 2015 WL 5602939, at *1 (N.D.N.Y. Sept. 15, 2015) ("Pursuant to Northern District of New York General Order No. 8, the Court proceeds as if both parties had accompanied their briefs with a motion for judgment on the pleadings.").

1

## II. BACKGROUND

The Court assumes familiarity with Judge Peebles' thorough recounting of the facts and procedural posture of this case in his Report and Recommendation. See R. & R. at 2–8.

## III. LEGAL STANDARD

### A. Review of the Magistrate's Report-Recommendation

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

### B. Review of the ALJ's Decision

When a court reviews an ALJ's decision, it must determine whether the ALJ applied the correct legal standards and whether his or her decision is supported by substantial evidence in the record. 42 U.S.C. § 405(g). Substantial evidence amounts to "more than a mere scintilla," and it must reasonably support the decision-maker's conclusion. Halloran v. Barnhart, 362 F.3d 28, 31 (2d Cir. 2004) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). However, a court should not uphold the ALJ's decision—even when there is substantial evidence to support it—if it is based on legal error. See Bubnis v. Apfel, 150 F.3d 177, 181 (2d Cir. 1998).

A court will defer to the ALJ's decision if it is supported by substantial evidence "even if [the court] might justifiably have reached a different result upon a de novo review." Sixberry v. Colvin, No. 12-CV-1231, 2013 WL 5310209, at *3 (N.D.N.Y. Sept. 20, 2013) (quoting Valente

v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984)). However, the ALJ must articulate how he or she considered the medical opinions and how persuasive he or she found the medical opinions. See 20 C.F.R. §§ 416.920c(a), (b)(1). Furthermore, if an ALJ chooses to credit only parts of a medical opinion, he or she must explain how his or her RFC findings are consistent with that opinion. See Carlin v. Comm'r of Soc. Sec., No. 19-CV-6312, 2020 WL 5995181, at *3 (W.D.N.Y. Oct. 9, 2020) ("In other words, even if Dr. Toor's opinion *could be* reconciled with the ALJ's RFC determination, the problem is that the ALJ did not do that here.").

Remand is appropriate where an ALJ fails to cite to specific evidence supporting an RFC finding and thus fails to support their opinion with substantial evidence. See Christine P. v. Saul, No. 20-CV-702, 2021 WL 1854508, at *10–11 (N.D.N.Y. May 10, 2021) (remanding since the ALJ appeared to disregard medical opinions and failed to "cite any specific opinion evidence supporting" the RFC determination). "Further, where the ALJ's 'RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.'" Juanita A. v. Comm'r of Soc. Sec., No. 20-CV-1911, 2023 WL 2493810, at *3 (W.D.N.Y. Mar. 14, 2023) (citing Social Security Ruling 96-8p (1996), 1996 WL 374184, at *7). "It is firmly established in the Second Circuit that, based on the non-adversarial nature of social security proceedings, the Commissioner has an affirmative duty to develop the administrative record" where the record is insufficient to make a complete determination. Sarah C. v. Comm'r of Soc. Sec., No. 19-CV-1431, 2021 WL 1175072, at *9 (N.D.N.Y. Mar. 29, 2021) (collecting cases).

IV.     DISCUSSION

The Court agrees with Plaintiff that the ALJ's RFC determination was not supported by substantial evidence. In particular, the Court remands for reconsideration of the ALJ's conclusion that the "evidence, and the record as a whole, does not support the conclusion that the claimant's capacity to sit is so limited that she would require the option of shift from that position outside of customary breaks, much less at will." Dkt. No. 8 ("Transcript") at 25.[2] Because the Court remands on this basis, it will not reach the remainder of the parties' arguments.

First, the ALJ did not fully explain how this RFC determination was supported by the medical opinion evidence. As Plaintiff points out, see Obj. at 9, the ALJ only found one of the medical opinions to be somewhat persuasive. The ALJ did not find the medical opinions of Melissa Butler, N.P., Michael Clarke, M.D., or Richard Weiskopf, M.D., to be persuasive. See Tr. at 23, 25–26. The ALJ found the July 2020 opinion of John Michaels, M.D., to be unpersuasive. See id. at 26. Indeed, the ALJ only found the opinion of the agency reviewing physician, R. Abueg, M.D., to be somewhat persuasive, although the ALJ did not clearly state which portions of Dr. Abueg's opinion he found credible. See id. at 25.

However, the ALJ does not cite any part of Dr. Abueg's opinion (or any other medical opinion) as supporting his RFC determination that Plaintiff does not require "the option of shift[ing] from [a seated] position outside of customary breaks, much less at will." Id. Instead, the ALJ cites the "above-described evidence", see id. at 21–25, and "the record as a whole." Id. at 25. Yet this does not qualify as "substantial evidence." See Shaw v. Chater, 221 F.3d 126, 134

---

[2] All citations to the administrative transcript use its internal pagination. However, all other citations to the docket refer to the pagination generated by CM/ECF, the Court's electronic filing system.

4

(2d Cir. 2000) (noting that an "overwhelmingly compelling type of critique" is required for the agency to "overcome an otherwise valid medical opinion"); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 862 (2d Cir. 1990) ("[A] circumstantial critique by non-physicians, however thorough or responsible, must be overwhelmingly compelling in order to overcome a medical opinion.").

In making his RFC determination, the ALJ does cite the fact that "[n]o or virtually no treating or examining provider has observed [Plaintiff] to be uncomfortable while sitting." Tr. at 25. But the fact that a medical provider has not "observed" discomfort sitting during a medical exam is not necessarily relevant to Plaintiff's ability to sit for extended periods of time over the course of a full workday. As Plaintiff notes, "treating physicians appropriately focus on a patient's diagnosis and treatment, [and] it is unreasonable for the ALJ to expect that Plaintiff's treating physicians would document and support detailed functional assessments in their treatment notes." Obj. at 16–17 (quoting Robert S. v. Comm'r of Soc. Sec., No. 18-CV-357, 2019 WL 4463497, at *10 (N.D.N.Y. Sept. 18, 2019)); see also Oakley v. Colvin, No. 13-CV-679, 2015 WL 1097388, at *11 n.22 (N.D.N.Y. Mar. 11, 2015) ("Absent a request for forensic opinions, treating medical sources' clinical notes focus on diagnoses and treatment modalities. They typically do not delve into patients' specific physical capacities to lift, carry, sit, stand, walk, stoop, climb, *etc.*").

Finally, while the ALJ did not find Dr. Clarke or Dr. Michaels' opinions persuasive, he did not specifically rebut their findings that Plaintiff needed to be able to change positions at will. The ALJ finds that Dr. Clarke's opinions "are somewhat consistent with the above-described evidence, and the record as a whole," but discounts those opinions on the basis of their vagueness. Tr. at 25. Similarly, the ALJ finds Dr. Michaels' conclusion that Plaintiff "could sit,

5

stand, and walk for less than two hours, total, in an eight hour day" to be "without any support in the above-described evidence, the written record as a whole, and the claimant's own testimony." Id. at 26. In support of this, the ALJ cites page two of Plaintiff's RFC questionnaire, see id. (citing id. at 2788–89), and Plaintiff's hearing testimony generally, see id. However, the Court sees nothing in either of these records that is inconsistent with Plaintiff requiring the ability to change positions at will.

Defendant asserts that the ALJ "carefully considered the entire record, including the medical opinion evidence and treatment notes, and reasonably found that Plaintiff could perform a range of sedentary work with additional non-exertional limitations during the relevant period." Resp. at 5. However, none of the examples provided by Defendant are "overwhelmingly compelling," as is required for an ALJ to "overcome an otherwise valid medical opinion." Shaw, 221 F.3d at 134.

Defendant correctly notes that the "overwhelmingly compelling" standard does not apply when the medical opinion in question is contradicted. See Resp. at 6–7 (citing Maria C. T. v. Commr. of Soc. Sec., No. 20-CV-1521, 2022 WL 2904367, at *5 (N.D.N.Y. July 22, 2022)). However, the Court does not agree with Defendant that Dr. Clarke's opinion evidence is necessarily contradicted for the purposes of this review.

First, Dr. Clarke opined that Plaintiff needed to be able to change positions "at will." Tr. at 25. This is not necessarily inconsistent with Dr. Abueg's position that Plaintiff could sit for six hours in an eight-hour workday, see Resp. at 7, depending on the frequency with which Plaintiff needs to change position. Second, the ALJ does not cite this portion of Dr. Abueg's opinion in his discussion of its persuasiveness, so the Court lacks a basis to conclude that the ALJ found these two opinions to be contradictory. See Tr. at 25. Finally, the Court notes that the ALJ did

not specify which portions of Dr. Abueg's opinion it considered persuasive, so the Court cannot determine whether the ALJ found Dr. Abueg's conclusions regarding Plaintiff's ability to sit to be persuasive. See id.

Accordingly, the Court remands this matter to the Social Security Administration for clarification of the basis for the ALJ's RFC determination. And, although the Court has not reached the parties' remaining arguments, the Court invites the agency to consider them in anticipation of possible further review.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation (Dkt. No. 20) is **REJECTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is **GRANTED**; and it is further

**ORDERED**, that Defendant's cross-motion for judgment on the pleadings (Dkt. No. 17) is **DENIED**; and it is further

**ORDERED**, that the decision of the Commissioner is **REMANDED for proceedings consistent with this Memorandum-Decision and Order**; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     March 25, 2024
           Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge